IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| **DOUG BOYER,**<br><br>     Plaintiff,<br><br>v.<br><br>**UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE SERVICES, INC.** and **UNITEDHEALTH GROUP EMPLOYEE HEALTH BENEFIT PLAN**<br><br>     Defendants | C. A. No. _____ |

# PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff by Plaintiff's counsel of record, and pleads the following:

## 1   JURISDICTION AND VENUE

1.1   This Complaint pleads actions for penalties for failure to provide COBRA information and rights under COBRA at the time of the occurrence of an ERISA qualifying event and allowing an election with premiums required to be paid only on a monthly basis. Plaintiff also seeks a restoration of benefits retroactively for failure to provide a timely and proper COBRA information, notice and election form. Plaintiff seeks penalties under the Employee Retirement Income Security Act of 1974 as amended (ERISA), 29 U.S.C. § 1132(c) and 29 U.S.C. § 1166.

1.2 This Court has original jurisdiction of this action under ERISA, 29 U.S.C. § 1001 *et seq...* Venue in ERISA actions is nation-wide.

# 2 PARTIES

2.1 Defendant UNITEDHEALTH GROUP INCORPORATED (hereinafter UHC), is the parent of the control group containing Defendant UNITED HEALTHCARE SERVICES, INC.

2.2 Defendant UNITED HEALTHCARE SERVICES, INC. (hereinafter UHSI), a division, subsidiary and/or within the control group belonging to UNITEDHEALTH GROUP INCORPORATED (hereinafter UHC) doing business as UNITED HEALTHCARE SERVICES, INC. employed Plaintiff as a Sales Representative on or about May 9, 2007.

2.3 Defendant UNITEDHEALTH GROUP EMPLOYEE HEALTH BENEFIT PLAN (hereinafter Plan), is a welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), providing health benefits to one or more groups and/or classifications of person employed in the operations of UHC, either by direct funding or through the purchase of insurance. Plaintiff is uncertain as to the exact name of the Plan and will seek leave of Court to amend the Complaint once Plaintiff obtains the correct name.

2.4 Defendant UNITEDHEALTH GROUP INCORPORATED (hereinafter UHC) is a corporation with its headquarters within the territorial jurisdiction of this Court and this division, and as the result of contracts between UHC and UHC and/or UHC, contracts with healthcare service providers to provide services to UHC and UHC employees who are participants in Plan, at reduced rates and on other terms and conditions.

2.5 As part of such arrangements for the health care of UHC employees under the Plan, the healthcare service providers recognize as a matter of contract and/or trade practices that UHC will determine and confirm whether Plan coverage exists and authorize the care and treatment and the appropriate length thereof.

2.6 In the event this Court grants some of the equitable, declaratory and/or injunctive relief that Plaintiff seeks, apart from any liability UHC may incur as may later be determined as the result of discovery Plaintiff needs to conduct in this action as to the specific further involvement of UHC in the occurrences herein beyond the activity pleaded in the preceding subparagraphs, UHC is a necessary party to this action under Fed. R. Civ. P. 19(a)(1)(A) and/or Fed. R. Civ. P. 19(a)(1)(B)(I).

2.7  On information and belief UHC is the Plan sponsor and the Plan Administrator and/or co-Plan Administrator of Plan.

2.8  On information and belief, UHC assumed voluntarily and/or by contract all conduct as the *de facto* Plan Administrator with respect to the payment and collection of funds.

# 3   FACTS

3.1  Defendant UHSI, a division and/or subsidiary or within the control group in which Defendant UHC does business in the State of Texas employed Plaintiff beginning on May 9, 2007.

3.2  Plaintiff was a participant in the Plan since Defendant UHSI employed Plaintiff as a sales representative.

3.3  Plaintiff became eligible for payments of health benefits to Plaintiff's health care providers under Plan beginning on or about thirty (30) days after the date in ¶3.1.

3.4  On or about April 11, 2011, Defendant terminated Plaintiff.

3.5  Defendant did not terminate Plaintiff for gross misconduct.

3.6  Plaintiff suffered a COBRA qualifying event as described in ERISA 29 U.S.C. § 1163(2) on April 30, 2011.

3.7   Because of Defendant's termination of Plaintiff, Plaintiff had to move from Houston, TX to the Denton County, TX area.

3.8   On May 5, 2011, Plaintiff told the Human Resource Department of Defendant UHC of Plaintiff's new address.

3.9   At no time during the period beginning April 11, 2011 through the date Plaintiff filed this action did Defendants send Plaintiff a COBRA notice and/or an election form giving Plaintiff the opportunity to continue health coverage under Plan meeting the specifications set out in ERISA 29 U.S.C. §§ 1162(3)(B) and 29 U.S.C. § 1166(4).

3.10  On or about May 20, 2011 Defendant sent Plaintiff a certificate of creditable coverage from Defendant UHC purporting to be issued under the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191.

3.11  Defendant sent the certificate of credible coverage describe in ¶3.10 to Plaintiff's old Houston address.

3.12  To the best of Plaintiff's knowledge and belief, at no time prescribed in ERISA 29 U.S.C. § 1166(4) did Defendants timely send a COBRA notice and/or an election form giving Plaintiff proper opportunity to have continued health coverage under Plan.

PLAINTIFF'S ORIGINAL COMPLAINT

# 4 CAUSES OF ACTION

4.1 COBRA NOTIFICATION/ELECTION PENALTIES AFTER EVENT QUALIFYING FOR COBRA CONTINUATION AND EQUITABLE RELIEF.

4.1.1 Plaintiff adopts, readopts and incorporates herein by reference all of the foregoing paragraphs.

4.1.2 Defendant who is found to be plan administrator of such plan and/or who undertook the notification obligations of the plan administrator, is liable for penalties for violation of ERISA 29 U.S.C. § 1164(4), computed in accord with 29 C.F.R. § 2575.502C-1, 62 Fed.Reg. 40695 (1998) allowing up to $110 a day.

# 5 PRAYER

5.1 WHEREFORE, Plaintiff prays for judgment in the amount of $110 per day for each day in the period commencing on the date Defendants should have issued a COBRA compliant notice and ending on the date Defendants issue a COBRA compliant notice, or for such other daily amount as the Court in its reasonable discretion may determine or otherwise to the date of judgment;

5.2 That this court order the Plan and UHC to continue such health insurance on the same basis COBRA requires Defendant Plan and Defendant UHC to provide Plaintiff, and such other and further equitable and injunctive relief

shall be appropriate; for a reasonable attorney's fee, and for Plaintiff's costs herein.

Respectfully submitted,

/s/ Scott King Field
Scott King Field
State Bar No. 00793725
The Field Law Firm
5910 Courtyard Drive, Suite 255
Austin, TX 78731
(512) 346-3600; (866) 271- 4431(fax)
scott@thefieldlawfirm.com
Attorney-in-charge for Plaintiff

/s/ Blair Brininger
Blair Brininger
Texas Bar No. 03002550
BRININGER LTD.
1400 Broadfield, Suite 200
Houston, TX 77084
(713) 659-3737; (866) 431-3250 (fax)
**blair@disability.md**

OF COUNSEL:
BRININGER LTD

ATTORNEYS FOR PLAINTIFF

https://disabilitymicrosoftonlinecom-1.sharepoint.microsoftonline.com/shared documents/4207 (boyer v. uhc)/6.01 (4207)/original complaint.boyer.docx